IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT HALF INTERNATIONAL INC., | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO.   05-2446 Ma/An |
| VACO, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER DENYING DEFENDANT VACO, LLC'S MOTION TO COMPEL AND FOR PROTECTIVE ORDER

Before the Court is Defendant Vaco, LLC's ("Defendant") Motion to Compel and for Protective Order filed on October 27, 2005. For the reasons set forth below, the Motion is **DENIED**.

### BACKGROUND

On October 12, 2005, the Plaintiff filed a Motion to Compel to force the Defendant to submit to a Rule 30(b)(6) deposition. In the Defendant's Response to that Motion, it included a Motion to Compel and a Motion for a Protective Order.[1] The Motion to Compel asks the Court to compel the Plaintiff to comply with its obligations to provide initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. The Motion for a Protective Order seeks to have a protective order imposed so that no further discovery may be had unless and until the

---

[1] Defendant's counsel is advised that the better course of action is to file the Response and any motions it may have at that time separately.

1

Plaintiff meets its obligations under Rule 26(a)(1) and establishes a substantial justification for its current failure to meet said obligations.

## ANALYSIS

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Relevancy means that the evidence "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Coleman v. Am. Red Cross*, 23 F.3d 1091, 1097 (6th Cir. 1994). The Court should broadly interpret whether evidence is relevant. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.12 (1978) (quoting 4 J. Moore, *Federal Practice* § 26.96[1], at 26-131 n.34 (2d ed. 1976)). Moreover, in this Circuit, the scope of discovery is extremely broad under the Federal Rules of Civil Procedure and "is . . . within the broad discretion of the trial court." *Lewis v. ACB Business Servs. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).

The Defendant contends that it is obvious from the Plaintiff's initial disclosures that the Plaintiff did not comply with the provisions of Fed. R. Civ. P. 26(a)(1).[2] The Court, however, is not prepared to conclude at this point and on the information submitted that the Plaintiff has not met its obligations under Rule 26. The Court expects that counsel for the Plaintiff is fully aware of the obligations imposed by Rule 26 and that the Plaintiff will comply with those obligations unless it has some legally justifiable reason not to do so. As such, while it may be obvious to the counsel for the Defendant that the disclosures the Plaintiff provided are deficient, the Court cannot necessarily agree.

---

[2] Defendant attached a copy of Plaintiff's Initial Disclosures as Exhibit J to its Response to Plaintiff's Motion to Compel.

2

Rather than order the Plaintiff to do something which it is already obligated to do under the Federal Rules of Civil Procedure, the preferred course of action would be to sanction the Plaintiff if the Defendant can demonstrate that the Plaintiff was aware of additional persons with knowledge at the time it served its Rule 26 disclosures but wrongfully withheld their identity. If the Defendant can demonstrate that this, in fact, occurred, the Court can then impose appropriate sanctions, up to and including excluding witnesses from testifying or dismissal of the action if Plaintiff's conduct warrants such.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion to Compel and for Protective Order is **DENIED**.

**IT IS SO ORDERED.**

*S. Thomas Anderson*
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: November 23, 2005

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 29 in case 2:05-CV-02446 was distributed by fax, mail, or direct printing on November 29, 2005 to the parties listed.

---

Howard L. Cleveland
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER
3725 Champion Hills Dr.
Ste. 3000
Memphis, TN 38125

Paul E. Prather
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

James Craig Oliver
BOULT CUMMINGS CONNERS & BERRY
1600 Division Street
Ste. 700
Nashville, TN 37203--002

Lisa L. Leach
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER
3725 Champion Hills Dr.
Ste. 3000
Memphis, TN 38125

Honorable Samuel Mays
US DISTRICT COURT