## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT HALF INTERNATIONAL INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.   05-2446 Ma/An |
| | ) | |
| VACO, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

Before the Court is Plaintiff's Motion to Compel and for Sanctions against Defendant Vaco, LLC ("Defendant") filed on October 12, 2005.  For the reasons set forth below, the Motion to Compel and for Sanctions is **GRANTED** in part and **DENIED** in part.

### BACKGROUND

After the parties' Rule 26(f) Scheduling Order was filed, the Plaintiff contacted the Defendant in order to establish dates for the scheduling of Federal Rule of Civil Procedure 30(b)(6) depositions.  At that time, the Defendant asked that the Plaintiff send it a list of topics to be covered in these depositions so that the Defendant could determine the amount of time it would need to prepare for them.  The Plaintiff sent the Defendant an email on September 14, 2005, containing a list of topics it wished to cover in the 30(b)(6) depositions.  The Defendant responded on September 20, 2005, informing the Plaintiff that the topics submitted by the Plaintiff would take more preparation time than had been anticipated and that scheduling

1

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on ___11-28-05___

30

30(b)(6) depositions was premature because the parties had not yet, among other things, exchanged initial disclosures nor reached an agreement on the language to be included in the protective order to cover the exchange of confidential information during discovery.  Counsel for the Plaintiff responded the next day by letter setting forth his disagreement with the Defendant's position and enclosed a Notice of Deposition of Defendant.  Specifically, the Plaintiff noted that the deadline for initial disclosures was September 22, 2005, and that the parties had agreed that the Protective Order being negotiated by them in a parallel litigation in California was going to be used in the litigation pending in Tennessee.  The Notice of Deposition set the deposition to take place on October 7, 2005, a date that the Defendant's counsel had previously said was convenient, and included the same topics that had been emailed to the Defendant on September 14, 2005.

On October 3, 2005, the Plaintiff received a letter from the Defendant stating that no representative from it would be available on October 7 and setting forth additional objections to the topics included in the Plaintiff's Notice of Deposition.  The Plaintiff responded two days later and again addressed the specific objections that the Defendant had raised to the deposition and noted that it expected the Defendant to appear for the 30(b)(6) deposition on the 7th unless the Defendant proposed an alternative date convenient for the Plaintiff.

The Defendant did not appear for the October 7 deposition or provide any alternative dates for rescheduling.  It also did not file a Motion to Quash and/or for a Protective Order requesting that the Court halt the deposition that had previously been noticed.  The Defendant did, however, send a letter to the Plaintiff stating that it would not reschedule the 30(b)(6) deposition unless the parties could agree that the deposition date would be canceled if the parties

could not agree on the scope of the topics for the deposition at least ten (10) days prior to the deposition. On October 10, 2005, the Plaintiff informed the Defendant that it would not agree to such a request but would agree to reserve any line of questioning until such a time as the Court could resolve the dispute if the parties were unable to do so themselves before the date of the deposition. It provided the Defendant with three possible dates for the depositions and also stated that the Plaintiff would file a Motion to Compel if the Defendant would not agree to reschedule. The Defendant responded that it would not reschedule the 30(b)(6) depositions on October 11, 2005, and the Plaintiff filed this Motion the next day.

The Plaintiff seeks an Order from the Court compelling the Defendant to appear for a Rule 30(b)(6) deposition and also requests an award of attorneys' fees and expenses as provided for in Federal Rule of Civil Procedure 37(a)(4). The Defendant maintains that the Plaintiff's Motion should be denied for several reasons. The Defendant claims that the Plaintiff has failed to meet its obligations to provide complete initial disclosures, and that Plaintiff's counsel did not advise defense counsel that Local Rule 7 discussions were complete prior to filing the Motion to Compel.[1] The Defendant also alleges that the topics designated by the Plaintiff in its deposition notice are not properly within the scope of discovery in this suit and that it would be unfair to permit the Plaintiff to depose or take discovery from the Defendant without first identifying those witnesses it believes support its claim that the Defendant wrongfully solicited the Plaintiff's

---

[1]Local Rule 7.2(a)(1)(B) of the Local Rules of the United States District Court of the Western District of Tennessee requires that all motions be accompanied by a Certificate of Consultation affirming that the parties were or were not able to come to an agreement regarding the matter at issue in the motion.

3

customers, clients, and employment candidates.[2]

## ANALYSIS

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Relevancy means that the evidence "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Coleman v. Am. Red Cross*, 23 F.3d 1091, 1097 (6th Cir. 1994). The Court should broadly interpret whether evidence is relevant. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.12 (1978) (quoting 4 J. Moore, *Federal Practice* § 26.96[1], at 26-131 n.34 (2d ed. 1976)). Moreover, in this Circuit, the scope of discovery is extremely broad under the Federal Rules of Civil Procedure and "is . . . within the broad discretion of the trial court." *Lewis v. ACB Business Servs. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).

The instant Motion involves Rule 30(b)(6) testimony. Rule 30(b)(6) of the Federal Rules of Civil Procedure states:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation . . . and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

Fed. R. Civ. P. 30(b)(6). Thus, when such a deposition is sought, it is incumbent upon the

---

[2]The Defendant also included a Motion to Compel and a Motion for a Protective Order as part of its Response to the Plaintiff's Motion to Compel. To avoid confusion, the Court will deal with the Defendant's Motions by a separate Order.

organization to designate a person with knowledge of the topics to be discussed in that

deposition. *In re Air Crash Disaster at Detroit Metropolitan Airport on August 16, 1987,* 130

F.R.D. 627, 631 (E.D. Mich. 1989). "The corporation then must not only produce such number

of persons as will satisfy the request, but more importantly, prepare them so that they may give

complete, knowledgeable and binding answers on behalf of the corporation." *Marker v. Union*

*Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989); *see also Poole v. Textron, Inc.*, 192

F.R.D. 494, 504 (D. Md. 2000) (stating that counsel "should prepare the designated witness to be

able to provide meaningful information about any designated area(s) of inquiry").

The purpose of Rule 30(b)(6) depositions is for parties to depose and gain factual

knowledge from a corporation's representatives. As with all discovery in this Circuit, the scope

of Rule 30(b)(6) depositions is extremely broad and the Court has the authority to grant

appropriate relief if a party fails to comply with the requirements of Rule 30(b)(6). *See* Fed. R.

Civ. P. 37(a)(4). Additionally, the Court is aware of no limitations on when Rule 30(b)(6)

depositions may be taken. In the present Motion, the Plaintiff seeks to compel the Defendant to

submit to a Rule 30(b)(6) deposition, something the Defendant contends is premature at this

time.

The Defendant states that it should not be required to submit to this deposition until the

Plaintiff discloses the identity of any witnesses who support the Plaintiff's claim that the

Defendant wrongfully solicited Plaintiff's customer, clients, and employment candidates. The

Defendant also contends that it is obvious that the Plaintiff did not comply with the provisions of

Federal Rule of Civil Procedure 26(a)(1) and that the Plaintiff should be required to supplement

its initial disclosures before the Defendant is required to submit to a 30(b)(6) deposition. The

Court, however, is not prepared to conclude at this point and on the information submitted that the Plaintiff has not met its obligations under Rule 26. The Court expects that counsel for the Plaintiff is fully aware of the obligations imposed by Rule 26 and that the Plaintiff will comply with those obligations unless it has some legally justifiable reason not to do so. In addition, while it may be obvious to the Defendant that the disclosures Plaintiff provided are deficient, the Court does not necessarily agree. Rather than order the Plaintiff to do something which it is already obligated to do under the Federal Rules of Civil Procedure, the proper course of action would be to sanction the Plaintiff if the Defendant can demonstrate that it was aware of additional persons with knowledge at the time it served its Rule 26 disclosures on the Defendant but wrongfully withheld their identity. If the Defendant is able to demonstrate that this, in fact, occurred, the Court can then impose appropriate sanctions, up to and including dismissal of the action if the Plaintiff's conduct warrants such.

The Defendant also argues that the list of topics the Plaintiff attached to its Notice of Deposition is "impermissibly broad, not calculated to lead to the discovery of relevant and admissible evidence, and are intended only to harass and/or abuse the discovery process." Def.'s Resp. p. 3. According to Defendant, the topics are objectionable for various reasons including lack of specificity, ambiguous and undefined terminology, objectionable breadth and scope and lack of definition or limit as to time. *Id.* at 13. The Defendant does not, however, specify which topics are objectionable for which reason(s) and whether some are acceptable while others are not. The Defendant just makes general, non-specific objections. As such, the Court is unable to focus on specific topics and the precise reasons why the Defendant finds them objectionable. Without more, the Court is unwilling to find that any of the topics are, in fact, objectionable.

6

Since the Court is aware of no limitations on when Rule 30(b)(6) depositions may be initiated, the Plaintiff's Motion to Compel is **GRANTED**. The Defendant shall designate one or more witnesses who can testify as to the topics submitted to it by the Plaintiff and the deposition(s) shall proceed within forty-five (45) days of this Order. The portion of the Plaintiff's Motion seeking an award of fees and expenses is **DENIED**.

## CONCLUSION

For the reasons set forth above and for good cause shown, the Motion to Compel and for Sanctions is **GRANTED** in part and **DENIED** in part. Defendant shall be required to produce a corporate designee or designees that are capable of adequately responding to the deposition topics addressed in Plaintiff's Notice of Deposition and the deposition shall proceed within forty-five (45) days of this Order.

**IT IS SO ORDERED.**

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: _November 23, 2005_

7

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 30 in case 2:05-CV-02446 was distributed by fax, mail, or direct printing on November 29, 2005 to the parties listed.

---

James Craig Oliver
BOULT CUMMINGS CONNERS & BERRY
1600 Division Street
Ste. 700
Nashville, TN 37203--002

Howard L. Cleveland
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER
3725 Champion Hills Dr.
Ste. 3000
Memphis, TN 38125

Lisa L. Leach
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER
3725 Champion Hills Dr.
Ste. 3000
Memphis, TN 38125

Paul E. Prather
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Honorable Samuel Mays
US DISTRICT COURT