IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 DEC 23 PM 4:44

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| ROBERT HALF INTERNATIONAL, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 05-2446 Ma/A |
| VACO, LLC, et al., | ) ) | |
| Defendants. | ) ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL ARBITRATION

Before the court is the Motion to Compel Arbitration filed on October 7, 2005, by Defendants Jerry Bostelman, Jay Hollomon, Brandon Guy, Brian Waller, Scott Gordon, Alex Naddell, Kirk Johnston, and Cheryl Citrone. Plaintiff Robert Half International, Inc. ("RHI") filed a response on October 24, 2005. For the following reasons, Defendants' motion is GRANTED in part and DENIED in part.

The individual defendants are former employees of RHI accused of violating their employment contracts by using RHI's trade secrets and other confidential information obtained during the course of employment to aid businesses in direct competition with RHI. (Compl. ¶ 58-63.) In their motion, the individual defendants argue that this court should compel arbitration

1

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _12-27-05_



because of clauses in their contracts requiring that any dispute "arising out of or relating to" the contract be submitted to arbitration. (Defs.' Mot. ¶ 2.)

The employment contracts for the individual defendants are not the same. There are two different forms. Under the terms of the employment contracts signed by Defendants Bostelman, Hollomon, and Naddell ("Form A"), RHI agrees that all of its claims are subject to arbitration except claims for injunctive relief. Defendants acknowledge that RHI's claims against Bostelman, Hollomon, and Naddell for injunctive relief are not subject to arbitration under the terms of the Form A contracts. Therefore, Defendants' Motion to Compel Arbitration is granted as to Defendants Bostelman, Hollomon, and Naddell on all issues except RHI's claims for injunctive relief for alleged on-going disclosure and misuse of confidential information and for violation of the non-compete and non-solicitation clauses of the employment contracts.

Because of the terms of the employment contracts signed by Defendants Guy, Waller, Gordon, Johnston, and Citrone ("Form B"), however, Defendants' motion to compel arbitration is denied as to them. The arbitration clause in the Form B contracts states, in relevant part:

> Employer and Employee agree that, to the fullest extent permitted by law, any dispute or claim arising out of or relating to Employee's employment, termination of employment or any provision of this Agreement, whether

2

> based on contract or tort or otherwise (except for any
> dispute involving alleged breach of the obligations
> contained in Sections 8, 9, 10, 11 or 13 hereof) shall
> be submitted to arbitration...

(Pl.'s Resp. Ex. B 7 ¶ 22.) All of RHI's claims in this lawsuit arise from the alleged breach of obligations contained in the excepted sections.

Defendants assert that the arbitration clause is ambiguous because the exception is placed in parenthesis although a later exception is written in a separate sentence and because the clause as a whole "embraces the concept of arbitration." (Defs.' Mot. 12.) Having examined the clause and the contracts in their entirety, however, the court finds no ambiguity. The clear meaning of the clause is to exempt claims for breach of Sections 8, 9, 10, 11, and 13 of the contracts from arbitration. Therefore, RHI's claims are exempt from arbitration under the terms of the Form B contract.

Defendants argue further that, even if RHI's claims are exempt from arbitration, the court should compel arbitration because the terms of the Form B contracts exempt only employer claims from arbitration while requiring arbitration for every claim an employee might bring against RHI. This argument might provide grounds for finding the arbitration clause unenforceable and, therefore, refusing to compel arbitration if an employee brought a claim against RHI, but it is irrelevant to the motion currently before the court. Under the Federal Arbitration Act, 9

3

U.S.C. § 1 et seq., which governs the issue of arbitrability under the terms of the Form B contracts, a court cannot compel a party to arbitrate a contract claim if that party did not agree to arbitration in the contract. <u>Volt Info. Scis., Inc. v. Bd. of Trustees</u>, 489 U.S. 468, 479 (1989); <u>Frizzell Constr. Co. v. Gatlinburg, LLC</u>, 9 S.W. 3d 79, 84 (Tenn. 1999). Because it is clear from the language of Form B that RHI did not agree to arbitrate any of the claims involved in this case, Defendants' Motion to Compel Arbitration as to Defendants Guy, Waller, Gordon, Johnston, and Citrone is denied.

As to Defendants Bostelman, Hollomon, and Naddell, the Motion to Compel Arbitration is GRANTED in part and DENIED in part.

As to Defendants Guy, Waller, Gordon, Johnston, and Citrone, the Motion to Compel Arbitration is DENIED.

So ordered this 22d day of December 2005.

/s/ Samuel H. Mays, Jr.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

4

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 32 in case 2:05-CV-02446 was distributed by fax, mail, or direct printing on December 27, 2005 to the parties listed.

---

Paul E. Prather
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Howard L. Cleveland
KIESEWETTER WISE KAPLAN  PRATHER
3725 Champion Hills Dr.
Ste. 3000
Memphis, TN 38125

James Craig Oliver
BOULT CUMMINGS CONNERS & BERRY
1600 Division Street
Ste. 700
Nashville, TN 37203--002

Lisa L. Leach
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER
3725 Champion Hills Dr.
Ste. 3000
Memphis, TN 38125

Honorable Samuel Mays
US DISTRICT COURT